**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X

ROGER A. BELL,

Plaintiff,

-V-

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

--------------------------------------------------------------X

**ORDER**

**25-CV-07891 (JW)**

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Plaintiff Roger A. Bell ("Plaintiff"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (the "Defendant" or "Commissioner") finding that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") nor eligible for Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act (the "Act"). Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that the action is time-barred. Since this motion relies on material outside the Complaint, the Court treats it as one for summary judgment. For the following reasons, Defendant's motion for summary judgment is **GRANTED**.

## BACKGROUND

On September 13, 2018, Plaintiff filed applications for DIB and SSI alleging disability beginning July 7, 2018. Dkt. No. 22 ("Cowell Decl.") at 9, 20. On February 14, 2023, in a prior action filed by Plaintiff in the Southern District of New York

seeking review of the denial of those applications, the Court remanded the matter for further administrative proceedings. See id. at 3, 8, 28.

Following the February 14, 2023 remand by the Court, an Administrative Law Judge ("ALJ") issued a decision on November 15, 2024 denying Plaintiff's claim for benefits and mailed a copy of the decision to Plaintiff. Id. at 3, 5, 20. The notice accompanying the decision ("ALJ Notice") advised Plaintiff that he had 30 days from receipt of the ALJ Notice to file written exceptions with the Appeals Council. Id. at 5. The ALJ Notice stated that Plaintiff would be presumed to have received the notice five days after the November 15, 2024 date printed in the letter. Id. Therefore, Plaintiff was presumed to have received the ALJ Notice on November 20, 2024, and his written exceptions were due by December 20, 2024. See id.; 20 C.F.R. §§ 404.901, 404.984(b)(1), 416.1401, 416.1484(b)(1). The ALJ Notice further advised Plaintiff that if he did not file exceptions and the Appeals Council did not review the decision on its own, the November 15, 2024 decision would become final on the 61st day following the date of the ALJ Notice, which was January 15, 2025. Cowell Decl. at 6. Plaintiff would then have 60 days from that date to file a civil action in federal district court, unless he asked for and received additional time to file. Id. at 6-7. The ALJ Notice also informed Plaintiff that he could ask the Appeals Council for more time to file a civil action. Id. at 6. The governing regulations do not set a date by which such a request must be made—they require only that the request be in writing and state the reasons for the delay, and the time to file will be extended if the claimant shows good cause. 20 C.F.R. §§ 404.982, 416.1482.

On May 9, 2025—175 days after the November 15 decision—the Appeals Council received Plaintiff's written exceptions. Cowell Decl. at 28. The Appeals Council asked Plaintiff to provide proof that he had filed his exceptions at an earlier date. Id. In response, Plaintiff stated that he "mailed the appeal in November for some reason it never reached the appeal board, it got lost in the mail." Id. He did not provide any proof of an earlier filing with his response. Id. On August 25, 2025, the Appeals Council notified Plaintiff that his exceptions were untimely and that the ALJ's decision was the final decision of the Commissioner after remand. Id. at 3, 28. Plaintiff did not request an extension of time to file a civil action. Id. at 3.

Plaintiff then filed a Complaint on September 23, 2025 in the instant action using a Southern District of New York form. Dkt. No. 1 ("Compl."). On February 6, 2026, the Commissioner moved to dismiss the Complaint as untimely pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56. Dkt. No. 20. In support of the motion, the Commissioner filed the Cowell Declaration, which attaches the ALJ Notice and decision as Exhibit 1 and the Appeals Council's August 25, 2025 notice as Exhibit 2. See Cowell Decl. at 5-27 (Exhibit 1), 28-29 (Exhibit 2). Pursuant to Federal Rule of Civil Procedure 12(a)(4), Plaintiff's opposition was due 14 days after service of the motion. See Fed. R. Civ. P. 12(a)(4); see also Local Civ. R. 6.1(b). Because Plaintiff did not file a response to Defendant's motion to dismiss, this Court issued an order on August 4, 2026 directing Plaintiff to file a response to Defendant's motion by August 25, 2026. Dkt. No. 28. On August 24, 2026, Plaintiff sent a letter claiming, "I never got no paper work to get

my case dismissed, i'm arguing on this matter." Dkt. No. 29. The letter contained no substantive response to the Commissioner's motion, nor did it ask for additional time to make a more detailed response. See id. To date, Plaintiff has not filed any other response.

## DISCUSSION

### I. Legal Standard

#### a. Timeliness Under Section 205(g) Of The Act

The exclusive remedy for a plaintiff who seeks judicial review of the Commissioner's final decision is provided by Sections 205(g) and (h) of the Act. 42 U.S.C. §§ 405(g)-(h); see also Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988). The provisions set forth that a civil action must be commenced "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The sixty-day period begins on the date the Appeals Council notice is received, and a plaintiff is presumed to have received the notice five days after the date listed. 20 C.F.R. § 422.210(c); see also Wong, 854 F.2d at 631. In addition, the Clerk's Office must receive the plaintiff's complaint within the sixty-day period. See Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 78 (2d Cir. 2003). Following a court remand, "[i]f no exceptions are filed and the Appeals Council does not assume jurisdiction of [the] case, the decision of the administrative law judge . . . becomes the final decision of the Commissioner after remand." 20 C.F.R. §§ 404.984(d), 416.1484(d).

Because the limitations period "defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed." Davila v. Barnhart, No. 02 CV 194 (DLC), 225 F. Supp. 2d 337, 338 (S.D.N.Y. 2002) (citations omitted); Randell v. United States, 64 F.3d 101, 106 (2d Cir. 1995). Therefore, "[f]ailure to file a complaint within the statutory limitation most often requires dismissal of the case, even where the delay is minor and the plaintiff is *pro se*." Borrero v. Colvin, No. 14 CV 5304 (LTS) (SN), 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (collecting cases).

However, there are cases where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate." Bowen v. City of New York, 476 U.S. 467, 480 (1986) (quoting Mathews v. Eldridge, 424 U.S. 319, 330 (1976)). Equitable tolling "may excuse a failure to file a complaint on time," (Borrero, 2015 WL 1262276, at *4) but the application of equitable tolling is "rare," (Bowen, 476 U.S. at 481), and is appropriate only upon "a showing of both extraordinary circumstances and due diligence." Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005); see Zerilli-Edelglass, 333 F.3d at 80-81; Hall v. Colvin, No. 14 CV 7731 (PGG) (HBP), 2017 WL 4339664, at *3 (S.D.N.Y. Sept. 29, 2017). Plaintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling. Davila, 225 F. Supp. 2d at 339.

**b. Summary Judgment Standard**

"Because [defendant has] relied on materials outside of the pleadings, this motion is most appropriately treated as one for summary judgment, rather than as a

motion to dismiss for failure to state a claim."[1] Rodriguez v. Astrue, No. 08 CV 1126 (JCF), 2009 WL 890052, at *2 n.7 (S.D.N.Y. Apr. 1, 2009).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the Court must view all facts in the light most favorable to the non-moving party. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2005). Because Plaintiff proceeds *pro se*, the Court construes his submissions liberally and reads them to raise the strongest arguments they suggest. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).

[1] Here, the Complaint states only that the ALJ issued a decision denying Plaintiff's claim in November 2024. Compl. at 2. It does not allege when Plaintiff received notice of that decision, whether he filed exceptions, or when the decision became final. The untimeliness of this action therefore does not appear on the face of the Complaint. Id. at 1-3. As such, to establish untimeliness, the Commissioner relies on the Cowell Declaration and the agency records attached to it, which are documents outside the pleadings. Dkt. No. 21. When such matters "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); see also Hall, 2017 WL 4339664, at *2 (treating the Commissioner's timeliness motion as one for summary judgment where the complaint did not show on its face that the action was time-barred).

## II. Application Of Legal Standard

### a. Action Is Time-Barred

Defendant argues that the action is time-barred because the sixty-day period specified in Section 205(g) expired and equitable tolling does not apply.

#### i. The Sixty-Day Period Has Expired

Defendant first asserts that Plaintiff's action is untimely because it was not commenced within 60 days after the ALJ's November 15, 2024 decision became final pursuant to Section 205(g) of the Act. Cowell Decl. at 5. The Court agrees. Here, Plaintiff is presumed to have received the ALJ Notice five days after issuance—on November 20, 2024. Id.; see 20 C.F.R. § 422.210(c). The record does not indicate that Plaintiff filed exceptions within 30 days of receiving the ALJ Notice or that the Appeals Council assumed jurisdiction of the case to review the decision on its own. Cowell Decl. at 6, 28; see 20 C.F.R. § 404.984(b)(1), (c); 20 C.F.R. § 416.1484(b)(1), (c). Therefore, the ALJ's decision became the Commissioner's final decision on January 15, 2025, the 61st day following the date of the ALJ Notice. Cowell Decl. at 6; see 20 C.F.R. §§ 404.984(d), 416.1484(d).

The Appeals Council's August 25, 2025 notice did not change that final decision date. Plaintiff's written exceptions were due by December 20, 2024, but the Appeals Council did not receive them until May 9, 2025, more than four months after the 30-day exception filing period had closed and after the ALJ's decision had already become final. Cowell Decl. at 28; see 20 C.F.R. §§ 404.984(b)(1), 416.1484(b)(1). The August 25, 2025 notice did not assume jurisdiction or issue a new decision. Cowell

Decl. at 28. Instead, the notice found Plaintiff's exceptions untimely and stated that the ALJ's decision "is the final decision of the Commissioner of Social Security after remand by the court." Id.

Therefore, Plaintiff had 60 days from January 15, 2025, or until March 17, 2025, to commence a civil action. Cowell Decl. at 6-7; see 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.984(d), 416.1484(d). Plaintiff filed his Complaint on September 23, 2025, more than six months after the deadline had passed. See Compl. As such, the Court finds that Plaintiff's action was untimely filed and is time-barred unless equitable tolling applies.

**b. Equitable Tolling Does Not Apply**

Furthermore, Plaintiff has not met his burden of showing that equitable tolling applies. Beyond asserting that he "mailed the appeal in November for some reason it never reached the appeal board, it got lost in the mail," (Cowell Decl. at 28) and stating that he is "arguing on this matter," (Dkt. No. 29), Plaintiff has filed no other response to Defendant's motion. Based on the record, Plaintiff does not identify any extraordinary circumstances that prevented a timely filing or any diligence in pursuing his rights. Dkt. No. 29. Instead, Plaintiff simply explained that his exceptions were lost in the mail, without providing any proof. Cowell Decl. at 28.

Plaintiff was also advised that he could seek an extension of time from the Appeals Council to file a civil action, but he did not request one. Id. at 3, 6. Accordingly, Plaintiff is not entitled to equitable tolling, and Defendant is entitled to summary judgment. See Hall, 2017 WL 4339664, at *3 (declining to apply equitable

tolling where the *pro se* plaintiff alleged no circumstances that could warrant it and the record did not reflect a request to the Appeals Council for an extension of time); see also Davila, 225 F. Supp. 2d at 340 (noting that "courts have not hesitated to enforce the 60-day period as a firm limit" (quoting Guinyard v. Apfel, No. 99 CV 4242 (MBM), 2000 WL 297165, at *2 (S.D.N.Y. Mar. 22, 2000))); see also Natale v. Comm'r of Soc. Sec., No. 17 CV 00908 (KHP), 2017 WL 3309734, at *2-3 (S.D.N.Y. Aug. 2, 2017) (denying equitable tolling where the *pro se* plaintiff pointed to no extraordinary circumstances and did not request an extension from the Appeals Council).

**CONCLUSION**

For the foregoing reasons, the Commissioner's motion for summary judgment is **GRANTED**.

**The Clerk is respectfully directed to terminate the motion pending at Dkt. No. 20, enter judgment in favor of Defendant, and close the case.**

SO ORDERED.

DATED: New York, New York
October 23, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge